676 A.2d 1086

IN THE MATTER OF SHELDON G. WEINSTEIN,
AN ATTORNEY AT LAW.

June 18, 1996.

## CORRECTED ORDER

The Disciplinary Review Board on May 1, 1996, having filed with the Court its decision concluding that **SHELDON G. WEINSTEIN** of **WESTFIELD,** who was admitted to the bar of this State in 1965, should be suspended from the practice of law for a period of three months for violation of *RPC* 1.1(a) and (b) (gross neglect and pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) by misleading his

clients about the status of matters in which he had taken little or no action and, in one case, in which a statute of limitations had expired without the filing of a complaint by respondent;

And the Disciplinary Review Board having further concluded that prior to any petition for reinstatement respondent should submit psychiatric proof of his fitness to practice, that on reinstatement respondent should practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and that respondent should continue counseling with a psychiatrist for a period of one year or until discharged by the psychiatrist, whichever is later;

And good cause appearing;

It is ORDERED that **SHELDON G. WEINSTEIN** is hereby suspended from practice for a period of three months, effective July 15, 1996, and until the further Order of the Court; and it is further

ORDERED that with his petition for reinstatement to practice respondent shall provide proof of his psychiatric fitness to practice law; and it is further

ORDERED that on reinstatement respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until further Order of the Court; and it is further

ORDERED that respondent shall continue counseling with a psychiatrist for a period of one year or until discharged by the psychiatrist, whichever is later, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.